KENNEDY v. PENN IRON & COAL CO. et al.

(Circuit Court, N. D. Ohio, E. D. April 15, 1895.)

No. 5,366.

1. PATENTS—PRELIMINARY INJUNCTION.
Where long acquiescence in a patent has been shown, and infringement is clear, complainant's right to a preliminary injunction is not taken away by the fact that he has, to some extent, issued licenses for the use of the invention, when it appears that he has made it his business to personally superintend the construction of the device where licenses were not issued.

2. SAME—NONRESIDENT DEFENDANT.
A nonresident of the district may be enjoined from committing acts of infringement within the district when he comes into it for that purpose, although he may not be subject to service of process therein, or to be sued as a defendant.

3. SAME—HOT-BLAST STOVES.
The Kennedy patent, No. 244,997, for an improvement in constructing hot-blast stoves, held valid on motion for preliminary injunction.

This was a suit in equity by Julian Kennedy against the Penn Iron & Coal Company and Frank C. Roberts for alleged infringement of a patent relating to the construction of fire-brick, hot-blast stoves. Complainant moved for a preliminary injunction.

Thomas W. Bakewell, for complainant.

William L. Pierce, for defendants.

RICKS, District Judge. This case is before the court upon a preliminary injunction, which the plaintiff prays may be granted him, restraining the defendant the Penn Iron & Coal Company from constructing fire-brick, hot-blast stoves, which he claims are an infringement of his letters patent, No. 244,997, dated August 2, 1881. The plaintiff relies for his claim for an injunction—First, upon the strong presumption of the validity of his patent arising from a long-continued and general public recognition; second, from the deliberate infringement of the defendant; third, from complainant's promptness and diligence in asserting his rights, and the peculiar circumstances of the case, under which a preliminary injunction, while of great benefit to the plaintiff, would work no real hardship to the Penn Iron & Coal Company. The complainant issued his first license under his patent in 1881. During the last 14 years, according to the affidavits in support of the motion, iron manufacturers and furnace men have very generally conceded and recognized the validity of said patent, and its value as a new improvement in constructing hot-blast stoves. I am satisfied, from the affidavits of the experts, and practical furnace men, that the complainant's patent met a want which was long recognized. Hot-blast stoves, as theretofore constructed, built in regular, horizontal courses of brick laid in mortar, contended with difficulties, growing out of the intense heat to which they were subjected, which could not be overcome. The brick were frequently forced out of their alignment, so as to protrude inwardly, impair the smooth inward surface of the hot-blast cylinder, causing it to catch dust and dirt, and necessarily to somewhat impede the free and easy flow of the air sent through the heated cylinders. These difficulties seemed to be insuperable. They made the hot-air stoves of shorter life, more expensive to take care of, and less satisfactory in their practical working. Kennedy's invention overcame all these difficulties. He did this, as stated in the first claim of the patent in suit, by securing vertical alignment to the flues, by building them with bricks having a symmetrical horizontal section, and laid with horizontal courses, breaking joint in all directions laterally. By this process, workmen were enabled to build these stoves without any special care or skill, and easily secure a perfect vertical alignment of the flues, altogether preventing the matter of creeping of the bricks, so that the flues will maintain themselves straight without internal projections, unaffected by the expansion and contraction of the great heat and cold to which they are subjected. The bricks can expand freely in a vertical direction, and cannot creep laterally, with reference to each other.

This patent is not anticipated by the several patents offered by the defendants, nor by the previous and long-established custom of

laying brick in horizontal courses, breaking joint in the direction of the strain to be overcome. The resistance of this sort of strain is not what Kennedy undertook to overcome. His construction contemplates freedom to expand, but to do so without disturbing or altering the original relative positions in which the bricks are placed. I think the defendants' proposed construction is a clear infringement of complainant's patent, both of the hexagonal brick, and of those described in Fig. 4 of the drawings of the patent.

I see no reason why an exception should be made in this case to the rule generally adopted in this district, where the infringement is plain, and the plaintiff's patent has either been established by the adjudication of a circuit court, or by such long public acquiescence as the courts recognize as a sufficient reason for relief such as the plaintiff now seeks in this case. The fact that the plaintiff has issued licenses, to some extent, does not compel him to be satisfied with such license fee as a remedy for infringement. It appears that the plaintiff has made it his business to personally superintend the construction of these furnaces, where licenses were not issued, and I think he ought to be permitted to carry on his business as he has heretofore done.

While it is true that Roberts is not a resident of this district, it is nevertheless true that he may be enjoined in this district from infringing the plaintiff's patent by the construction of a hot-air stove such as is proposed in the works of the Penn Iron & Coal Company. This court has heretofore held that, though a defendant may not be subject to service of process in this district, and be sued as a defendant, he may be enjoined from committing acts of infringement in the district, when he comes in here for that purpose. It would be strange if such power did not exist in a court. The preliminary injunction may therefore issue, as prayed for in the bill.